UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/o JAMES MOONEY,<br><br>    Plaintiff/Third-Party Defendant,<br><br>v.<br><br>ANDERSON INSULATION, INC.,<br><br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>ICYNENE, INC.,<br><br>    Third-Party Defendant/ Fourth-Party Plaintiff,<br><br>v.<br><br>SEA-DAR CONSTRUCTION<br><br>    Fourth-Party Defendant. | Civil Action No. 1:12-cv-10253-WGY<br><br>**LEAVE TO FILE GRANTED ON 10/25/12** |

**THIRD-PARTY DEFENDANT ICYNENE, INC.'S THIRD-PARTY COMPLAINT
AND DEMAND FOR JURY TRIAL**

Pursuant to Rule 14(a)(5) the Federal Rules of Civil Procedure, the Third-Party Defendant, Icynene, Inc. ("Icynene") hereby alleges:

**THE PARTIES**

1. At all times material hereto, the Plaintiff, Federal Insurance company (hereinafter "Chubb") was a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in Warren, New Jersey.

2.  The Defendant/Third-Party Plaintiff, Anderson Insulation, Inc. ("Anderson") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Abington, Massachusetts.

3.  Icynene is a corporation organized and existing under the laws of the Province of Ontario, Canada with a place of business in Mississauga, Ontario, Canada.

4.  Upon information and belief, the Fourth-Party Defendant,[1] Sea-Dar Construction ("Sea-Dar"), is a Massachusetts corporation with a principal place of business at 46 Waltham Street, Boston, Massachusetts.

## JURISDICTION AND VENUE

5.  The jurisdiction of this court is proper pursuant to 28 U.S.C. § 1332 as this is an action between a citizen of a state and a citizen of a foreign state and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims at issue occurred within this district and the Fourth-Party Defendant, Sea-Dar, is subject to personal jurisdiction within this district.

## FACTUAL ALLEGATIONS

7.  At all times material hereto, Mr. James Mooney, III ("Mooney") owned the real property and personal property located at 96 Penzance Road, Falmouth, Massachusetts (the "Property").

8.  At all times material hereto, Chubb insured Mr. Mooney's real and personal property and other interests at the property.

---

[1] Rule 7 defines pleadings to include a "complaint" or "third-party complaint." Neither Rule 7 nor Rule 14 utilize the term "fourth-party complaint." To avoid confusion, however, Icynene refers to itself below as a "Fourth-Party Plaintiff" and to Sea-Dar Construction ("Sea-Dar") as a "Fourth-Party Defendant."

2

9. Upon information and belief, on or before February 10, 2011, Mooney hired Sea-Dar as the general contractor in charge of constructing a renovation project (the "Project") at the Property. The Project involved gutting the entire building down to its studs and rebuilding the residence.

10. Upon information and belief, at all times relevant hereto, Sea-Dar was the general contractor in control of the construction work being performed for the Project.

11. Upon information and belief, Sea-Dar entered into a subcontract with Anderson to perform insulation work for the Project.

12. On or before February 10, 2011 Anderson was supplying and installing blown in foam insulation at the Project.

13. Upon information and belief, at all times relevant hereto, as the general contractor, Sea-Dar was responsible for safety at the site, and for supervising the work of Anderson and other subcontractors at the Project, including but not limited to Anderson.

14. On February 10, 2011, a fire occurred at the Property which caused severe and extensive fire, smoke, and water damage.

15. Mooney submitted a claim to Chubb for the extensive fire, smoke, and water damage at the Property.

16. Upon information and belief, Chubb paid an amount in excess of $75,000 to Mooney for the property damage caused by the fire.

17. Chubb, as subrogee of James Mooney III, brought an action against Anderson alleging, inter alia, that the insulation installed by Anderson, on the day before the fire, was installed carelessly and negligently, and "resulted in a fire at the property which caused severe and extensive fire, smoke, and water damage."

18. Anderson brought a third-party complaint against Icynene alleging that "if, in fact, Anderson is liable in any way to the Plaintiff, such liability arises out of the negligence and/or breach of warranty or other breach with the design and/or manufacture of Icynene MD-R-200 spray foam insulation." Anderson's third-party complaint alleges that if Anderson is liable to the Plaintiff, Anderson is entitled to indemnification and contribution from Icynene.

19. Icynene has denied all of Anderson's claims.

## COUNT I - INDEMNIFICATION

20. Icynene hereby restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 19 as if fully set forth herein.

21. Icynene is free from any and all negligence.

22. If Icynene is found to be liable to Anderson for any damages suffered by the Plaintiff and/or Anderson, such liability flows solely from the actions and/or omissions of Sea-Dar, and not from any negligence of Icynene.

23. Icynene is entitled to full common law indemnity from Sea-Dar, including reimbursement by Sea-Dar for all costs of Icynene's defense, including, without limitation, attorney's fees.

## COUNT II – CONTRIBUTION

24. Icynene hereby restates and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 as if fully set forth herein.

25. Any injury suffered by the Plaintiff and/or Anderson is the result of the negligence of Sea-Dar.

26. If Icynene is negligent or liable to Anderson for damages, which it denies, then Sea-Dar is a joint tortfeasor from which Icynene is entitled to contribution.

WHEREFORE, the Third-Party Defendant/Fourth-Party Plaintiff, Icynene, Inc., herby requests that this Honorable Court:

1. Order Sea-Dar to indemnify Icynene for any losses Icynene may sustain as a result of Anderson's claims;

2. Order that Sea-Dar is liable to Icynene in contribution for any losses Icynene may sustain as a result of Anderson's claims;

3. Order Sea Dar to pay for all of Icynene's costs of defense, including, without limitation, all attorneys' fees; and

4. Award to Icynene such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Third-Party Defendant/Fourth-Party Plaintiff, Icynene, Inc., hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

Third-Party Defendant/Fourth-Party Plaintiff,

**ICYNENE, INC.**

By its attorneys,

  /s/Patricia B. Gary
Kenneth B. Walton, BBO #562174
kwalton@donovanhatem.com
Patricia B. Gary, BBO #554731
pgary@donovanhatem.com
DONOVAN HATEM LLP
Two Seaport Lane, 8th Floor
Boston, MA  02210
(617) 406-4500

Dated: October 24, 2012

5

## **CERTIFICATE OF SERVICE**

      In accordance with Local Rule 5.2(b), I hereby certify that this document filed through the ECF system on October 24, 2012, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants.

                                              /s/Patricia B. Gary
                                              Patricia B. Gary, Esq.