UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL INSURANCE COMPANY a/s/o JAMES MOONEY,<br>　　　Plaintiff<br><br>v.<br><br>ANDERSON INSLATION INC.,<br>　　　Defendant/Third-Party Plaintiff,<br><br>　v.<br><br>ICYNENE, INC.,<br>　　　Third-Party Defendant/<br>　　　Fourth-Party Plaintiff,<br><br>v.<br><br>SEA-DAR CONSTRUCTION,<br>　　　Fourth-Party Defendant. | C.A. NO.  1:12-cv-10253-WGY |

**FOURTH-PARTY DEFENDANT, SEA-DAR CONSTRUCTION'S, ANSWER AND JURY DEMAND TO FOURTH-PARTY PLAINTIFF'S COMPLAINT WITH <u>CROSSCLAIM AND JURY DEMAND</u>**

　　　Now comes the Fourth-Party Defendant, Sea-Dar Enterprises, Inc. d/b/a Sea-Dar Construction wrongfully sued herein as Sea-Dar Construction ("Sea-Dar"), and hereby makes this its Answer and Jury Demand to Third-Party Defendant/Fourth-Party Plaintiff, Icynene, Inc.'s ("Icynene") Fourth-Party Complaint.  Unless specifically answered herein, all allegations of the Fourth-Party Complaint are denied.

## **THE PARTIES**

1. Sea-Dar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Icynene to prove the same.

2. Sea-Dar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Icynene to prove the same.

1

3. Sea-Dar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Icynene to prove the same.

4. Denied, and Sea-Dar affirmatively states that the Fourth-Party Defendant's name is Sea-Dar Enterprises, Inc. d/b/a Sea-Dar Construction with a principle place of business at 46 Waltham St., Floor 2A, Boston, Massachusetts.

## JURISDICTION AND VENUE

5. Sea-Dar can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

6. Sea-Dar can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

## FACTUAL ALLEGATIONS

7. Sea-Dar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Icynene to prove the same.

8. Sea-Dar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Icynene to prove the same.

9. Sea-Dar admits that Mooney retained Sea-Dar as general contractor for the Project and further answers that the scope of the Project and Sea-Dar's obligations are set forth in the contract documents, which speak for themselves and are the best evidence of their contents.

10. Sea-Dar can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

11. Admitted.

12. Admitted

13. Sea-Dar can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

14. Sea-Dar admits a fire occurred on February 10, 2011 and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and calls upon Icynene to prove the same.

15. Sea-Dar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Icynene to prove the same.

16. Sea-Dar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Icynene to prove the same.

17. Sea-Dar admits that Chubb brought legal action which speaks for its self and is the best evidence of its contents.

18. Sea-Dar admits that Anderson brought Third-Party Complaint against Icynene which speaks for itself and is the best evidence of its contents.

19. Sea-Dar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon Icynene to prove the same.

## Count I - Indemnification

20. Sea-Dar incorporates herein by reference its answers to Paragraphs 1 through 19 and makes that its answer to this paragraph.

21. Sea-Dar can neither admit nor deny the allegations contained in this paragraph since such statements are legal conclusions.

22. Denied.

23. Denied.

## Count II - Contribution

24. Sea-Dar incorporates herein by reference its answers to Paragraphs 1 through 23 and makes that its answer to this paragraph.

25. Denied.

26. Denied.

WHEREFORE, Sea-Dar says that Icynene's fourth-party complaint against it should be dismissed, that an order be issued finding Sea-Dar does not owe any indemnity or contribution to Icynene, and that judgment enter for Sea-Dar, together with its costs and attorneys fees.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that the acts complained of were not committed by a person or entity for whose conduct Sea-Dar was legally responsible.

### SECOND AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that if Icynene proves that Sea-Dar was negligent as alleged, Icynene was negligent to a greater degree than Sea-Dar and is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that Icynene's complaint against it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as Icynene has failed to give notice of any claim as required by law and Sea-Dar was thereby prejudiced, wherefore, Icynene is barred from recovery.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that Icynene's complaint against it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that Icynene's complaint against it should be dismissed pursuant to Rule 12(b)(8), insofar as the Fourth-Party Defendant has been misnamed, its true name being Sea-Dar Enterprises, Inc. d/b/a Sea-Dar Construction.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that Icynene's complaint against it should be dismissed, insofar as Icynene has participated in the transactions which gave rise to the relief sought by Icynene.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that to the extent that it had any obligations to plaintiff's subrogee, Anderson Insulation, Inc. or Icynene, such obligations have been fully, completely and properly performed in every respect.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that no privity of contract exists between it and Icynene, wherefore, Icynene is barred from recovery in this action.

### NINTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that plaintiff and/or Icynene has failed to take reasonable and prudent measures necessary and proper to mitigate whatever damages he might have sustained as a result of the acts or omissions complained of in the plaintiff's complaint.

### TENTH AFFIRMATIVE DEFENSE

And further answering Sea-Dar says that the court lacks jurisdiction over this matter on the grounds that this is a subrogation action in which the plaintiff's insured is a Massachusetts resident and there is no diversity of citizenship.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering Sea-Dar says that Icynene's complaint against it should be dismissed pursuant to M.G.L. c.231,§6F insofar as the Icynene's complaint against it is wholly insubstantial, frivolous and not advanced in good faith and Sea-Dar should be awarded its costs.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering Sea-Dar says that Icynene's complaint against it should be dismissed pursuant to Rule 11 of the Federal Rules of Civil Procedure insofar as the allegations of Icynene's complaint against it are frivolous and/or have no evidentiary support and Sea-Dar should be awarded its costs.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that any harm to Icynene, was caused by its own conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that Icynene's claims are barred in whole or in part because of the content and service of the required process and failure to provide Sea-Dar with notice of intent to file the Motion for Leave to File the Fourth-Party Complaint as required by Local Rule 15.1.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, Sea-Dar says that the Fourth-Party Complaint is barred in whole or in part because the contract between Sea-Dar and James Mooney contained a waiver of subrogation clause that prohibits James Mooney or its insurer, Federal Insurance Company, from bringing an action for property damage that was insured by, and paid for by, Federal Insurance Company.

### **CROSSCLAIM AGAINST ANDERSON INSULATION, INC.**

1. Fourth-party Defendant/Crossclaim Plaintif Sea-Dar Enterprises, Inc. d/b/a Sea-Dar Construction ("Sea-Dar") is a Massachusetts Corporation with a principal place of business at 46 Waltham Street, Boston, Massachusetts.

2. Upon information and belief, crossclaim defendant Anderson Insulation, Inc. ("Anderson") is a Massachusetts corporation with a principal place of business in Abington, Massachusetts.

3. Plaintiff, Federal Insurance Company, alleges, amongst other things in his complaint, that as a result of a fire at 96 Penzance Road, Falmouth, Massachusetts that occurred on February 10, 2011, it was caused to pay an amount in excess of $75,000 to the property owner, James Mooney..

4. In its complaint, the plaintiff alleges that as a result of the Anderson's negligence and breach of implied warranty arising out of the provision and installation of insulation, it suffered damages.

5. Prior to February 10, 2011, Sea-Dar and Anderson entered a contract pursuant to which Anderson was to provide and install insulation at the residence of James Mooney, 96 Penzance Road, Falmouth, Massachusetts.

6. Pursuant to the terms of the Sea-Dar/Anderson contract, Anderson agreed, to the fullest extent permitted by law, to defend, indemnify and hold-harmless Sea-Dar from and against all claims, damages, losses, expenses (including but not limited to attorneys fees), liabilities, interest, judgment(s), arising out of or relating to the Sea-Dar/Anderson Contract and which were caused in whole or in part by any default, breach and/or negligent act or omission on the part of Anderson, its subcontractors, suppliers, or anyone directly or indirectly employed by any of them, or for anyone of them whose acts they may be liable.

7. Anderson has brought a third-party claim against Icynene, Inc. ("Icynene") alleging that if Anderson is found liable to plaintiff, such liability arises out of the negligence or breach of warranty or other breach with the design and/or manufacture of the spray foam insulation utilized by Anderson at 96 Penzance Road, Falmouth, Massachusetts.

8. Icynene has brought a fourth party complaint against Sea-Dar seeking contribution and indemnity, claiming that if it is found liable to Anderson, it is due to acts, omissions or other negligence on the part of Sea-Dar.

## COUNT I
### (Contribution v.Anderson Insulation, Inc.)

9. Sea-Dar repeats and re-alleges each of the allegations contained in paragraphs 1-8 of the cross-claim and incorporates them by reference herein.

10. Sea-Dar states that if plaintiff incurred damages as alleged, then said damages were caused by the negligence of Anderson, its agents, servants, employees, or subcontractors.

11. If Sea-Dar should be found liable for the damages allegedly sustained by the plaintiff, then Sea-Dar asserts that defendant, Anderson, its agents, servants, employees or subcontractors was also negligent and thus Anderson is a joint tortfeasor.

WHEREFORE, fourth-party defendant and cross-claim plaintiff, Sea-Dar Enterprises, Inc., demands judgment for contribution against Anderson Insulation, Inc., pursuant to M.G.L. c. 231B with respect to any damages which may be recovered against the fourth-party defendant and cross-claim plaintiff, Sea-Dar Enterprises, Inc., together with reasonable costs and attorneys' fees.

### COUNT II
### (Contractual Indemnity v. Anderson Insulation, Inc.)

12. Sea-Dar repeats and re-alleges each of the allegations contained in paragraphs 1-11 of the cross-claim and incorporates them by reference herein.

13. Sea-Dar states that if the plaintiff sustained damages as alleged in the Complaint, then said damages were caused by the performance of work by Anderson, its agents, servants, employees or subcontractors, and/or the products provided by Anderson's agents, servants, employees or subcontractors.

14. Paragraph 14 of the Sea-Dar/Anderson contract provides that Anderson will, to the fullest extent permitted by law, defend, indemnify and hold-harmless Sea-Dar from and against all claims, damages, losses, expenses (including but not limited to attorneys fees), liabilities, interest, judgment(s), arising out of or relating to the Sea-Dar/Anderson Contract and which were caused in whole or in part by any default, breach and/or negligent act or omission on the part of Anderson, its subcontractors, suppliers, or anyone directly or indirectly employed by any of them, or for anyone of them whose acts they may be liable.

15. If Sea-Dar is found liable to the plaintiff or Icynene for any damages, Sea-Dar is entitled by contract to be indemnified in full by Anderson.

WHEREFORE, the fourth-party defendant and cross-claim plaintiff, Sea-Dar Enterprises, Inc., demands judgment for indemnification against Anderson Insulation, Inc. with respect to any damages which may be recovered against the fourth-party defendant and cross-claim plaintiff, Sea-Dar Enterprises, Inc., together with reasonable costs and attorneys' fees.

### COUNT III
### (Common Law Indemnity v. Anderson Insulation, Inc.)

16. Sea-Dar repeats and re-alleges each of the allegations contained in paragraphs 1-15 of the cross-claim and incorporates them by reference herein.

17. Sea-Dar states that if the plaintiff sustained damages as alleged in the Complaint, then said damages were caused by the negligence of Anderson, its agents servants, employees or subcontractors.

18. Sea-Dar states that any damages sustained by the plaintiff were the direct and proximate result of the negligence of Anderson, its agents, servants, employees or subcontractors, without any negligence on the part of Sea-Dar contributing thereto, that it did not participate in any negligence of Anderson, and that any negligence of Sea-Dar, if any, was derivative and vicarious while the negligence of Anderson was actual and active.

19. If Sea-Dar is found liable to the plaintiff or Icynene for any damages, Sea-Dar is entitled to be indemnified in full by Anderson.

WHEREFORE, the fourth-party defendant and cross-claim plaintiff, Sea-Dar Enterprises, Inc., demands judgment for indemnification against Anderson Insulation, Inc. with respect to any damages which may be recovered against the fourth-party defendant and cross-claim plaintiff, Sea-Dar Enterprises, Inc., together with reasonable costs and attorneys' fees.

## Jury Demand

The Fourth-Party Defendant, Sea-Dar Enterprises, Inc. d/b/a Sea-Dar Construction, demands trial by jury as to all issues.

FOURTH-PARTY DEFENDANT,
Sea-Dar Enterprises, Inc. d/b/a Sea-Dar Construction.
By its attorneys,


/s/ Andrew R. Ferguson
Andrew R. Ferguson, BBO# 649301
aferguson@coughlinbetke.com
Marisa M. Skoglind, BBO# 672338
mskoglind@coughlinbetke.com
COUGHLIN BETKE, LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050

<u>CERTIFICATE OF SERVICE</u>

    I, Andrew R. Ferguson, hereby certify that on this 2nd day of January, 2013, I served a copy of the within document to all counsel of record via the Court ECF system.

                                      <u>/s/ Andrew R. Ferguson</u>
                                      Andrew R. Ferguson